# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**GARY L. FRANKS,**
**Claimant Below, Petitioner**

**FILED**

**February 3, 2017**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)   No.  16-0039** (BOR Appeal No. 2050551)
(Claim No. 2015013144)

**L & M FIRE PROTECTION, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gary L. Franks, by Brett Offutt, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. L & M Fire Protection, LLC, by Alyssa A. Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 21, 2015, in which the Board affirmed the May 20, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 25, 2014, rejection of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Franks alleged he developed bilateral carpal tunnel syndrome as a result of his work as a pipe fitter trainee with L & M Fire Protection, LLC. He started working for L & M Fire Protection, LLC in November of 2013. He started to develop problems with his hands around April 1, 2014. Mr. Franks was seen by the staff at Shenandoah Community Health Center three times between April 4, 2014, and June 3, 2014, for a previous back injury and complaints of wrist pain. On October 3, 2014, Mr. Franks was laid off temporarily.

Mr. Franks was evaluated by Eric Ingersoll, M.D., on October 15, 2014. Dr. Ingersoll diagnosed suspected bilateral carpal tunnel syndrome and requested a neurological evaluation. Karoly Varga, M.D., performed an EMG study on January 12, 2015. The EMG study revealed

severe bilateral median neuropathies and bilateral ulnar neuropathies. Dr. Varga found the symptoms to be consistent with carpal tunnel syndrome. Dr. Ingersoll diagnosed bilateral carpal tunnel syndrome on January 19, 2015. He recommended that Mr. Franks undergo a bilateral carpal tunnel release. In Dr. Ingersoll's opinion, the carpal tunnel syndrome was related to his work as a pipe fitter.

Syam Stoll, M.D., M.P.H., performed a physician review on November 25, 2014. He stated he needed more information before determining whether the complaints of bilateral carpal tunnel syndrome were compensable. However, he noted that if the condition were work-related, it should improve with rest and Mr. Franks symptoms continued after he was laid off. Christopher Martin, M.D., M.Sc., performed a records review on April 10, 2015. He did not believe the carpal tunnel syndrome was work-related due to the short period of time in which Mr. Franks had worked for the employer. He stated that occupationally caused carpal tunnel syndrome requires exposure to a position for more than a year and usually develops in the dominant extremity. He did not find that Mr. Franks had the proper exposure to force, repetition, or awkward posture required to develop work-related carpal tunnel syndrome. In Dr. Martin's opinion, the diagnosis of carpal tunnel syndrome was a disease of ordinary life for Mr. Franks and not work-related.

The Office of Judges affirmed the claims administrator's rejection of the claim in its May 20, 2015, Order. It noted Mr. Franks was contending that he sustained bilateral carpal tunnel syndrome as a result of his occupational activities as a pipefitter-trainee during the period of time from December of 2013 through April of 2014. The Office of Judges determined the work activities of Mr. Franks required the use of significant grip force and the use of high force with repetitive manual movements. The Office of Judges then looked to West Virginia Code of State Rules §85 20-41.6 (2005) which states, in part, "To find CTS in workers with weeks to months of exposure suggests a pre-existing condition." The Office of Judges determined that Mr. Franks had only been exposed to high impact repetitive motion activities as a pipefitter trainee for approximately five months when he began experiencing bilateral upper extremity symptoms. However, Mr. Franks had been involved in boxing activities for a number of years and he failed to tell Dr. Ingersoll about the boxing activities. He also had high blood pressure. All of this weighed against the finding of compensability.

The Office of Judges relied on the medical opinion of Dr. Martin in determining that the bilateral carpal tunnel syndrome was not due to the work Mr. Franks performed as a pipefitter trainee. The Office of Judges explained that Dr. Martin's opinion was more probative than that of Dr. Ingersoll's due to the fact that Dr. Ingersoll was not aware of the boxing history of Mr. Franks.

The Board of Review affirmed the Office of Judges' Order in its December 21, 2015, decision. We agree with the conclusions of the Board of Review and reasoning of the Office of Judges. Mr. Franks had only been working as a pipefitter trainee for a few months when he first reported problems with his hands. However, he had been involved in boxing for at least seven years and also had high blood pressure. The medical report of Dr. Martin was determined to be

2

the most credible medical evidence. Dr. Martin does not support the development of carpal tunnel syndrome as the result of Mr. Franks's work as a pipefitter trainee.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3